# EXHIBIT A



COPY

SEP 2 8 2005



MICHAEL K. JEANES, CLERK
M. LARTZ
DEPUTY CLERK

1  Timothy D. Ducar (015037)
2  DUCAR, LORONA & PARKS, PC
   411 North Central Avenue, Suite 520
3  Phoenix, Arizona 85004
   (602) 253-9700
4  tducar@azlitigation.com

5  *Attorneys for Plaintiff*

6

7                IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8                      IN AND FOR THE COUNTY OF MARICOPA

9  MARTINA BLANCHARD,                    )  No:      CV 2 0 0 5 - 0 1 5 3 0 1
                                         )
10          Plaintiffs,                  )  **COMPLAINT**
                                         )
11       -vs-                            )  (Tort—Non-Motor Vehicle)
                                         )
12  CITY OF EL MIRAGE, ARIZONA;          )
    J. HUGHES and JANE DOE               )
13  HUGEHS husband and wife.             )
                                         )
14          Defendants.                  )

15          Plaintiff, Martina Blanchard "Blanchard," for her complaint against defendants the

16  City of El Mirage and J. Hughes and Jane Doe Hughes, husband and wife ("Detective

17

18  Hughes"), alleges as follows.

19                          **JURISIDICTION/VENUE**

20

21       1.     Blanchard is a resident of Maricopa County, Arizona.

22       2.     Defendant City of El Mirage is a body politic within Maricopa County,

23  Arizona.

24       3.     Detective Hughes performed the acts, as alleged more fully herein, within

25

26  Maricopa County, Arizona.

27       4.     The acts alleged occurred within Maricopa County, Arizona.

28

                                      -1-

5.   The actions alleged to have been taken by Detective Hughes, herein, occurred on behalf of his marital community.

6.   That this Court has personal jurisdiction over the defendant and subject matter jurisdiction over the allegations alleged herein. Venue is proper before this court.

### BACKGROUND

7.   Blanchard incorporates the facts alleged within the claim letter dated May 26, 2005 to the City of El Mirage, a copy of which is attached hereto as Exhibit A, as if more fully stated herein and alleged herein.

8.   At all times relevant herein, Detective Hughes was acting under color of Arizona State law.

9.   On or about September 3, 2005, at about 12:30 a.m., Blanchard's son was driving Blanchard's car. Detective Hughes called pulled over Blanchard's car and interrogated Blanchard's son at length. Detective Hughes questioned Blanchard's son regarding Blanchard's lawsuit against the City of El Mirage. Detective Hughes caused police dogs to search Blanchard's car. Detective Hughes caused Blanchard's son to be searched. During this time, Detective Hughes prohibited Blanchard's son from calling Blanchard. After being unable to find any reason to further detain Blanchard's son, Detective Hughes let Blanchard's son go. However, Detective Hughes told Blanchard's son that he (Blanchard's son) was "lucky this time, and that he (Detective Hughes) will get him later."

///

///

-2-

## COUNT ONE
### (Violation of Civil Rights, 42 U.S.C.A. §1983)
### (Against All Defendants)

10.    Blanchard incorporates by reference each and every allegation contained in paragraphs 1 through 9 as if more fully set forth herein.

11.    That Detective Hughes violated Blanchard's civil rights, as more fully described within Exhibit A, attached hereto.

12.    That as a result of Detective Hughes' violation of Blanchard's civil rights, Blanchard suffered damages which include, but are not limited to, consequential damages, special damages, including past and future medical expenses, and lost wages, general damages, including pain and suffering, and other damages, the exact amount of which to be proven at trial.

13.    That the City of El Mirage is liable for the wrongful and unlawful acts of its agents, including Detective Hughes, under the theory of *respondeat superior* and, upon that basis, the City of El Mirage is liable for all damages suffered by Blanchard.

14.    That all conditions precedent and subsequent to the liability of the City of El Mirage and Detective Hughes to Blanchard have been performed or have occurred.

## COUNT TWO
### (Wrongful Arrest)
### (Against All Defendants)

15.    Blanchard incorporates by reference each and every allegation contained in paragraphs 1 through 14 as if more fully set forth herein.

16.    At all times relevant herein, Detective Hughes acted under the color of Arizona law.

-3-

17.     That Detective Hughes' acts, as described within Exhibit A, deprived Blanchard of rights, privileges, and/or immunities secured by the U.S. Constitution.

18.     That as a result of Detective Hughes' acts, as described within Exhibit A, Detective Hughes proximately caused Blanchard injuries which include, but are not limited to, consequential damages, special damages, including past and future medical expenses, and lost wages, general damages, including pain and suffering, and other damages, the exact amount of which to be proven at trial.

19.     That the City of El Mirage is liable for the wrongful and unlawful acts of its agents, including Detective Hughes, under the theory of *respondeat superior* and, upon that basis, the City of El Mirage is liable for all damages suffered by Blanchard.

20.     That all conditions precedent and subsequent to the liability of the City of El Mirage and Detective Hughes to Blanchard have been performed or have occurred.

**COUNT THREE**
(False Arrest)
(Against All Defendants)

21.     Blanchard incorporates by reference each and every allegation contained in paragraphs 1 through 20 as if more fully set forth herein.

22.     At all times relevant herein, Detective Hughes acted under the color of Arizona law.

23.     Detective Hughes caused Blanchard to become restrained or arrested.

24.     Detective Hughes caused Blanchard to become restrained or arrested without having reasonable grounds to believe that Blanchard committed any offense.

-4-

25. Detective Hughes had no probable cause to restrain or arrest Blanchard, as set out within Exhibit A.

26. At the time Detective Hughes caused Blanchard to be restrained or arrested, the facts and circumstances within Detective Hughes' knowledge, including all reasonable trustworthy information at his disposal, was not sufficient to warrant a prudent man in believing that Blanchard was committing an offense.

27. That the City of El Mirage is liable for the wrongful and unlawful acts of its agents, including Detective Hughes, under the theory of *respondeat superior* and, upon that basis, the City of El Mirage is liable for all damages suffered by Blanchard.

28. That all conditions precedent and subsequent to the liability of the City of El Mirage and Detective Hughes to Blanchard have been performed or have occurred.

### COUNT FOUR
### (Unlawful Entry)
### (Against All Defendants)

29. Blanchard hereby incorporates by reference each and every allegation contained in paragraphs 1 through 28 as if more fully set forth herein.

30. Detective Hughes entered the Blanchard residence without Blanchard's authorization, as more fully described within Exhibit A.

31. That Detective Hughes' entry was wrongful.

32. That Detective Hughes' entry was unlawful.

33. That Detective Hughes' entry was without valid consent of an occupant of the residence.

/ / /

-5-

34.   That as a result of Detective Hughes' unlawful entry, Blanchard suffered damages which include, but are not limited to, consequential damages, special damages, including past and future medical expenses, and lost wages, general damages, including pain and suffering, and other damages, the exact amount of which to be proven at trial.

35.   That the City of El Mirage is liable for the wrongful and unlawful acts of its agents, including Detective Hughes, under the theory of *respondeat superior* and, upon that basis, the City of El Mirage is liable for all damages suffered by Blanchard.

36.   That all conditions precedent and subsequent to the liability of the City of El Mirage and Detective Hughes to Blanchard have been performed or have occurred.

## COUNT FIVE
### (Intentional Infliction of Emotional Distress)
### (Against All Defendants)

37.   Blanchard hereby incorporates by reference each and every allegation contained in paragraphs 1 through 36 as if more fully set forth herein.

38.   Detective Hughes' behavior was extreme and outrageous.

39.   Detective Hughes intended to cause emotional distress with reckless disregard to the effect said distress would cause upon Blanchard.

40.   That as a result of Detective Hughes' intentional infliction of emotional distress, Blanchard suffered damages which include, but are not limited to, consequential damages, special damages, including past and future medical expenses, and lost wages, general damages, including pain and suffering, and other damages, the exact amount of which to be proven at trial.

-6-

41.   That the City of El Mirage is liable for the wrongful and unlawful acts of its agents, including Detective Hughes, under the theory of *respondeat superior* and, upon that basis, the City of El Mirage is liable for all damages suffered by Blanchard.

42.   That all conditions precedent and subsequent to the liability of the City of El Mirage and Detective Hughes to Blanchard have been performed or have occurred.

## COUNT SIX
### (Negligent Infliction of Emotional Distress)
### (Against All Defendants)

43.   Blanchard hereby incorporates by reference each and every allegation contained in paragraphs 1 through 42 as if more fully set forth herein.

44.   Blanchard witnessed her daughter being placed into a police car, as described within Exhibit A.

45.   Partly as a result of Blanchard watching her daughter being placed into a police car, Blanchard became physically sick.

46.   That Detective Hughes' conduct amounts to negligent infliction of emotional distress.

47.   That as a result of Detective Hughes' negligent infliction of emotional distress, Blanchard suffered damages which include, but are not limited to, consequential damages, special damages, including past and future medical expenses, and lost wages, general damages, including pain and suffering, and other damages, the exact amount of which to be proven at trial.

///

///

-7-

48. That the City of El Mirage is liable for the wrongful and unlawful acts of its agents, including Detective Hughes, under the theory of *respondeat superior* and, upon that basis, the City of El Mirage is liable for all damages suffered by Blanchard.

49. That all conditions precedent and subsequent to the liability of the City of El Mirage and Detective Hughes to Blanchard have been performed or have occurred.

COUNT SEVEN
(Assault)
(Against All Defendants)

50. Blanchard hereby incorporates by reference each and every allegation contained in paragraphs 1 through 49 as if more fully set forth herein.

51. Detective Hughes unlawfully assaulted Blanchard, as more fully described within the claim letter, attached hereto as Exhibit A.

52. That as a result of Detective Hughes' assault on Blanchard, Blanchard suffered damages which include, but are not limited to, consequential damages, special damages, including past and future medical expenses, and lost wages, general damages, including pain and suffering, and other damages, the exact amount of which to be proven at trial.

53. That the City of El Mirage is liable for the wrongful and unlawful and acts of its agents, including Detective Hughes, under the theory of *respondeat superior* and, upon that basis, the City of El Mirage is liable for all damages suffered by Blanchard.

54. That all conditions precedent and subsequent to the liability of the City of El Mirage and Detective Hughes to Blanchard have been performed or have occurred.

///

-8-

## COUNT EIGHT
### (Battery)
### (Against All Defendants)

55.   Blanchard hereby incorporates by reference each and every allegation contained in paragraphs 1 through 54 as if more fully set forth herein.

56.   Detective Hughes unlawfully used force on Blanchard, as more fully described within the claim letter, attached hereto as Exhibit A.

57.   That as a result of Detective Hughes' battery on Blanchard, Blanchard suffered damages which include, but are not limited to, consequential damages, special damages, including past and future medical expenses, and lost wages, general damages, including pain and suffering, and other damages, the exact amount of which to be proven at trial.

58.   That the City of El Mirage is liable for the wrongful and unlawful and acts of its agents, including Detective Hughes, under the theory of *respondeat superior* and, upon that basis, the City of El Mirage is liable for all damages suffered by Blanchard.

59.   That all conditions precedent and subsequent to the liability of the City of El Mirage and Detective Hughes to Blanchard have been performed or have occurred.

WHEREFORE, Blanchard respectfully requests the judgment be entered in Blanchard's favor and against Defendants for all compensatory damages, general damages, including pain and suffering and lost future earning capacity, specific damages, including past and future medical expenses, any other damages suffered by Blanchard as a result of the injuries he suffered due to the incident, reasonable attorneys' fees and taxable costs.

-9-

1
2      DATED this 28th day of September, 2005.
3                              DUCAR, LORONA & PARKS, PC
4
5                        By
6                            Timothy D. Ducar
                             411 North Central Ave., Suite 520
7                            Phoenix, Arizona 85004
                             Attorneys for Plaintiff
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                              -10-

**D L P** **Ducar**
**Lorona &**
**Parks, P.C.**
ATTORNEYS AT LAW

Timothy D. Ducar*
Jess A. Lorona
Gregory E. McClure
John Paul Parks pllc**

411 North Central, Suite 520
Phoenix, Arizona 85004-2133
Telephone: 602/253-9700
Facsimile: 602/258-4805
www.azlitigation.com

May 26, 2005

Via Hand Delivery

Mr. BJ Cornwall
City Manager
12145 NW Grand Ave.
Suite 4
El Mirage, AZ 85335

Via Hand Delivery

Ms. Edith Hoover
El Mirage City Clerk
12145 NW Grand Ave.
Suite 4
El Mirage, AZ 85335

Re:   City of El Mirage Police Department's Harassment and
      Use of Excessive Force Towards Martina Blanchard

Dear Mr. Cornwall and Ms. Hoover:

This office represents Martina Blanchard with regards to the claims set out within this letter. Please provide any response you may have to this letter directly to the undersigned.

On November 27, 2004, while Mrs. Blanchard was at work, she received a telephone call from a police officer from the City of El Mirage. In that call, the officer with whom she spoke advised her that the police were at her home residence, that Mrs. Blanchard's daughter was in trouble, and that she should return home.

Mrs. Blanchard did so. When Mrs. Blanchard arrived at her residence, she was surprised to see both of her daughters, Shirley and Jennifer, in the back of police cars. She was also surprised that her husband, Kent Blanchard, was in the Blanchard residence. She was surprised because on August 17, 2004, Mrs. Blanchard had obtained an Order of Protection against Mr. Blanchard. The Order of Protection ordered Mr. Blanchard to not contact Mrs. Blanchard in person, phone, writing or electronically. Mr. Blanchard was ordered to stay away from the Blanchard residence. Finally, the Order of Protection ordered him to stay away from Mrs. Blanchard's place of employment. A copy of the Order of Protection is attached to this letter.

* Also Admitted in California          ** Also Admitted in Florida & District of Columbia

Mr. Cornwall
Ms. Edith Hoover
May 26, 2005
Page 2

Mrs. Blanchard began asking, generally, why Mr. Blanchard was in the residence, as she did not want him there. However, prior to her being able to complete her sentence, Detective J. Hughes of the City of El Mirage Police Department yelled at Mrs. Blanchard to "shut up." Mrs. Blanchard began asking why she needed to stop speaking and again began to try to explain that she did not want Mr. Blanchard in the residence. Detective Hughes again interrupted her and demanded that she shut up.

When Mrs. Blanchard again tried to speak, Detective Hughes yelled to Mrs. Blanchard "I told you to shut up." Detective Hughes immediately yelled to one of the other officers at the location to arrest her. At that point, a police officer threw Mrs. Blanchard to the ground and kicked her in the feet at the same time, thereby increasing the likelihood she would fall to the ground. At that point, an officer put his foot on the side of Mrs. Blanchard's face so that she would not get up. An officer began handcuffing her. Mrs. Blanchard pleaded with him to be careful with her, as she had had surgery on her arm, and what the officer was doing hurt her. Nevertheless, the officer who handcuffed her ignored her pleas to be careful with her. As a result, during the handcuffing process, her shoulder/arm became more injured.

Mrs. Blanchard was then placed in the back seat of a police car, handcuffed behind her back. The windows were rolled up. Mrs. Blanchard suffers from anxiety issues, including panic attacks. At the time of the incident, she was seeing a physician and was taking medication to control her anxiety. She is also a timid, law abiding citizen. Being in the back of police car, handcuffed, for valid no reason, caused Mrs. Blanchard to become very anxious. Somehow, she got the attention of an officer. She explained that she was having an anxiety attack and that she needed the windows rolled down. The officer with whom she spoke refused her request. She became so upset that she threw up.

As time went on, Mrs. Blanchard began suffering more anxiety. She began having a panic attack. For about one hour, she felt as though she could not breathe. Mrs. Blanchard requested an officer to retrieve her prescription anxiety medication and to remove her handcuffs so that she could take the medication. An officer did retrieve her prescription anxiety medication. However, the officer would not remove her handcuffs to allow her to take her medication. Mrs. Blanchard asked a police officer if her sister could give her the medication. Mrs. Blanchard's request was refused. Instead, incredibly, the officer would only allow her to take her medication from the person against whom she had an Order of Protection: her husband. Mrs. Blanchard was forced to allow Mr. Blanchard to place the medication in her mouth and to provide her a drink of water to wash the medication down.

Meanwhile, the police officers on site decided to make the event a bit of a party. They ordered pizza, which was delivered to the Blanchard residence, while Mrs. Blanchard was in the back of a patrol car.

Mr. Cornwall
Ms. Edith Hoover
May 26, 2005
Page 3

Finally, Mrs. Blanchard was allowed to exit the police car and was unhandcuffed. However, she was told not to say a word to anyone as to what had occurred.

For reasons that are unclear, officers took two of Mrs. Blanchard's daughters, who had nothing to do with the incident, to the El Mirage police department. Mrs. Blanchard was forced to go to the police department to obtain her daughters.

That night, Mrs. Blanchard was so upset, she could not sleep. Her arm/shoulder hurt due to the officer's failure to use due care with her arm/shoulder. Additionally, she was very upset. As a result, her daughters took her to the Emergency Room to seek medical intervention.

Since the November 27, 2004 incident, Detective Hughes has come to the house of Mrs. Blanchard. Each time, he has knocked very loudly and has demanded someone open the door. Each time Detective Hughes does so, Mrs. Blanchard becomes very, very scared and is certain that Detective Hughes will repeat the events of November 27, 2004. During one of those return encounters, Detective Hughes pointed his finger and advised that he will return to arrest people at the Blanchard residence. These comments by Detective Hughes have further harmed Mrs. Blanchard by causing a timid individual to be more distraught and constantly fearful.

Then, on Sunday, April 17, 2005, Detective Hughes arrested one of Mrs. Blanchard's daughters, Shirley. Detective Hughes later called Mrs. Blanchard and advised that he was letting Shirley go because she was pregnant. However, at that time Detective Hughes arrested Shirley, she was not pregnant. Mrs. Blanchard believes that Shirley's arrest is just another example of Detective Hughes harassing Mrs. Blanchard.

The purpose of this letter is to provide notice to the City of El Mirage that Mrs. Blanchard is making a formal, legal claim against it. Mrs. Blanchard believes that their was no arguably valid reason for Detective Hughes' actions, and the rest of the El Mirage police department's actions directed to her, as summarized above.

Mrs. Blanchard is a woman of color. She is convinced that Detective Hughes' actions, and the rest of the El Mirage police department's actions directed to her, were, and continue to be, based upon her Hispanic heritage. The actions taken by the officers of the City of El Mirage, and specifically, Detective Hughes, were under color of authority. And, they were inexplicable, outrageous and reprehensible.

Mr. Cornwall
Ms. Edith Hoover
May 26, 2005
Page 4

To this day, Mrs. Blanchard's arm/shoulder continues to hurt her. She has suffered psychological damages. Her medical prognosis is unclear. Due to her injuries, she has lost earnings and has diminished earning capacity.

Mrs. Blanchard has directed me to initiate legal action against the City of El Mirage within the next 15 days. The allegations will be based upon violation of Mrs. Blanchard's civil rights, false imprisonment, unlawful entry into her residence, intentional infliction of emotional distress, negligent infliction of emotional distress, assault, battery, and invasion of privacy. At this juncture, based upon the above facts, Mrs. Blanchard will accept $5,000,000.00 to settle her claim. At a jury trial upon the merits, Mrs. Blanchard will seek a minimum of $10,000,000.00 in consequential, compensatory and punitive damages.

If you desire to avoid legal action, please contact me within the next 15 days.

Sincerely,

Timothy D. Ducar

TDD:ed





1 | Timothy D. Ducar (015037)
2 | DUCAR, LORONA & PARKS, PC
   | 411 North Central Avenue, Suite 520
3 | Phoenix, Arizona 85004
   | (602) 253-9700
4 | tducar@azlitigation.com

5 | *Attorneys for Plaintiff*

6

7 | IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8 | IN AND FOR THE COUNTY OF MARICOPA

9 | MARTINA BLANCHARD,                    No:

10 |              Plaintiffs,              CV 2005-015301

11 |     -vs-                             **CERTIFICATE ON**
   |                                      **COMPULSORY ARBITRATION**
12 | CITY OF EL MIRAGE, ARIZONA,
   | J. HUGHES and JANE DOE
13 | HUGHES, husband and wife.

14 |              Defendants.

15

16 | The undersigned certifies that the largest award sought by Plaintiff, including

17 | punitive damages, but excluding interest, attorneys' fees, and costs exceeds the limits set

18 | by A.R.C.P. Rule 72(b). This case is not subject to Mandatory Arbitration.

19 | DATED this __28th__ day of September, 2005.

20 | DUCAR, LORONA & PARKS, PC

21

22 | By

23 | Timothy D. Ducar
   | 411 North Central Ave., Suite 520
24 | Phoenix, Arizona 85004
   | Attorneys for Plaintiff

25

26

27

28

-1-

09-30-05 A10:54

1 | Timothy D. Ducar (015037)
2 | DUCAR, LORONA & PARKS, PC
  | 411 North Central Avenue, Suite 520
  | Phoenix, Arizona 85004
3 | (602) 253-9700
  | tducar@azlitigation.com
4

*Attorneys for Plaintiff*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MARTINA BLANCHARD, | No: |
| Plaintiffs, | **SUMMONS** |
| -vs- | |
| CITY OF EL MIRAGE, ARIZONA, J. HUGHES and JANE DOE HUGHES, husband and wife. | IF YOU WANT THE ADVICE OF A LAWYER, YOU MAY WISH TO CONTACT THE LAWYER REFERRAL SERVICE AT 602-257-4434 OR ON-LINE AT WWW.LAWYERFINDERS.ORG. LRS IS SPONSORED BY THE MARICOPA COUNTY BAR ASSOCIATION |
| Defendants. | |

THE STATE OF ARIZONA TO THE DEFENDANTS:

BJ Cornwell, City Manager
12145 NW Grand Ave., #4
El Mirage, AZ 85335

Edith Hoover, El Mirage City Clerk
12145 NW Grand Ave., #4
El Mirage, AZ 85335

City of El Mirage, Arizona
12145 NW Grand Avenue, Suite 4
El Mirage, Arizona 85335

Detective J. Hughes and Jane Doe Hughes:

YOU ARE HEREBY SUMMONED and required to appear and defend, within the times applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and complaint upon you, exclusive of the day of service. If served out of the State of Arizona -- whether by direct service, by registered or certified mail, or by publication -- you shall appear and defend within 30 days after service of the summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director. Service by registered or certified mail

-1-

without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the affidavit of compliance and return receipt or officer's return. RCP 4; ARS §§ 20-222, 28-502, 28-503.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the plaintiff's attorney, if any, or upon the plaintiff. R.C.P. 10(d); A.R.S. §12-311; RCP 5.

If service is made by publication, a copy of the Petition and other papers filed in this matter may be obtained from the Clerk of the court.

PURSUANT TO MARICOPA COUNTY LOCAL RULE 2.5(c), REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE BY PARTIES AT LEAST 3 JUDICIAL DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING.

The name and address of Plaintiff's attorney is:

Timothy D. Ducar, Esq.
DUCAR, LORONA & PARKS, PC
411 North Central Avenue, Suite 520
Phoenix, Arizona 85004-2133

SIGNED AND SEALED THIS DATE:



Clerk of the Court

By: _____
Deputy Clerk

UNLESS YOU DISPUTE THE VALIDITY OF THIS DEBT, OR ANY PORTION THEREOF, WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS LETTER, WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU NOTIFY US, IN WRITING, WITHIN THE THIRTY (30) DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF IS DISPUTED, WE WILL MAIL YOU VERIFICATION OF THE DEBT. PLEASE UNDERSTAND THAT THIS IS AN ATTEMPT TO COLLECT A DEBT AND THAT ANY INFORMATION WE OBTAIN WILL BE USED FOR THE PURPOSE OF COLLECTING THIS DEBT.

-2-

# EXHIBIT B

1  Paul W. Holloway - 002046
   HOLLOWAY ODEGARD FORREST
2    KELLY & KASPAREK, P.C.
   3101 North Central Avenue, Suite 1200
3  Phoenix, Arizona   85012
   (602) 240-6670
4

5  Attorneys for Defendants

6            IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7               IN AND FOR THE COUNTY OF MARICOPA

8  MARTINA BLANCHARD,                  )
                                       )   NO. CV2005-015301
9            Plaintiff,                )
                                       )
10     v.                              )
                                       )      **NOTICE OF FILING OF**
11  CITY OF EL MIRAGE, ARIZONA;        )    · **NOTICE OF REMOVAL**
   JUSTIN HUGHES and JANE DOE          )
12  HUGHES, husband and wife,          )
                                       )
13           Defendants. ·             )
                                       )
14  ─────────────────────────────────────

15         Defendants City of El Mirage, Justin Hughes and Jane Doe

16  Hughes, hereby give notice through undersigned counsel that they

17  have filed this date with the United States District Court for the

18  District of Arizona a notice of removal of this action from the

19  Superior Court of the State of Arizona in and for the County of

20  Maricopa to the United States District Court for the District of

21  Arizona.  A copy of said notice of removal is attached hereto.

22         DATED this ___//__ day of October, 2005.

23                      HOLLOWAY ODEGARD FORREST
                         KELLY & KASPAREK, P.C.
24

25

26     By _____
           Paul W. Holloway
27           3101 N. Central Avenue, Suite 1200
           Phoenix, Arizona  85012
28           Attorneys for Defendants

1  ORIGINAL of the foregoing filed
   with the Court.
2
   COPY of the foregoing mailed this
3  ___ day of October, 2005, to:

4  Timothy D. Ducar, Esq.
   DUCAR, LORONA & PARKS, PC
5  411 North Central Avenue
   Suite 520
6  Phoenix, Arizona 85004
   Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                    - 2 -